UNITED STATES, Appellee,

v.

Howard T. THORPE, Specialist Four,
United States Army, Appellant.

No. 34,377.

CM 435335.

U. S. Court of Military Appeals.

June 26, 1978.

Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain Ralph E. Sharpe, Captain Johnny D. Mixon, Captain John Richards Lee, and Captain Demmon F. Canner were on the pleadings for Appellant, Accused.

Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Steven M. Werner, and Captain William C. Kirk were on the pleadings for Appellee, United States.

Opinion of the Court

COOK, Judge.

We granted review to determine whether the military judge improperly refused to permit the appellant to withdraw his request for trial by judge alone. The facts are not in dispute.

An Article 39(a)[1] session was convened on June 23, 1976. Appellant and both civilian and individual military defense counsel were present. Although detailed defense counsel was absent, the appellant agreed to proceed in his absence but asserted he desired his presence for the trial on the merits. Appellant submitted a written request for trial by judge alone, and the judge approved it over the objection of trial counsel, after assuring himself that appellant understood the difference between a court composed of members and a court consisting of a judge alone. Upon approving the request, he announced that the court was assembled. On being informed that due to previous commitments a prosecution expert witness would only be available on July 16 and 17, the parties agreed to continue the case until July 16.

Trial was reconvened on that date, with all the parties present, including detailed defense counsel. Prior to introduction of evidence, appellant submitted a written request for trial by a court with enlisted

---

1. Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a).

members and asked "that his prior request for trial before military judge alone be revoked." Defense counsel asserted he had not advised the military judge of appellant's request to withdraw prior to July 16 because of the judge's presence in Alaska during such period, but he had told trial counsel of the matter two days before trial. Trial counsel opposed the request to withdraw. He contended the prosecution's expert witness was present, and a further delay would cause additional expenses in bringing the witness back to the situs of trial. Appellant's trial was held at Fort Lewis, Washington, and the witness was stationed at Fort Gordon, Georgia. He further observed that he had not arranged to have court members present, pursuant to the defense request, because the military judge, rather than himself, was the person to decide if the trial proceeded with members. Thus, trial counsel reasoned that the members' presence would not be necessary if the judge denied the defense request.

Civilian defense counsel submitted that the decision to withdraw the request for trial by judge alone was made after he had an opportunity to discuss the case with detailed defense counsel. They mutually concluded that a trial before a court consisting of enlisted members was more desirable because one of the offenses involved a note which threatened an officer. The defense also submitted that another general court-martial had been scheduled for July 16 but it had been continued. Thus, the defense reasoned that the convening orders of the present court could have been modified to detail the members of the other court-martial to the present court. Finally, the defense also agreed to either depose or stipulate to the testimony of the expert witness. On the basis of the foregoing circumstances, the military judge denied the appellant's request for trial by a court with members and the trial proceeded before the judge alone.

The Court held in *United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975), that the decision whether to permit an accused to withdraw, after assembly of the court, a previously approved request for trial before judge alone, is within the discretion of the trial judge. In *Bryant*, a defense counsel who had not represented the accused prior to assembly of the court subsequently asked that the " 'original request for military judge alone be withdrawn, reserving the right at a later time to request trial by military judge alone.' " *Id.* at 327, 49 C.M.R. at 661. The Court held there had been no abuse of discretion in denying the request to withdraw because:

> [T]his appellant submitted his original request after fully discussing his rights and the implications of trial by military judge alone with the two qualified counsel detailed to represent him and with whom he expressed satisfaction. He also acknowledged in open court that he understood the meaning and effect of his application. Finally, he agreed that he understood the differences between trial before members and trial by military judge alone, and indicated that he wished to persist in his request to be tried by judge alone.

*Id.* at 328, 49 C.M.R. at 662.

Contrarily, in *United States v. Wright*, 5 M.J. 106 (C.M.A.1978), the Court held that the trial judge abused his discretion in denying a request to withdraw from a trial before a judge alone where the military judge had been unsuccessfully challenged for cause. The judge involved was informed of the accused's unsuccessful negotiation for a pretrial agreement, members were readily available without any additional inconvenience to the Government, the nature of some pretrial statements was such that one tended to demonstrate the impropriety of another, and as a joint trial was involved a reference to the nondeclarant accused had to be excised from the statements. Thus, not only was the military judge required to rule both on the legal admissibility and factual voluntariness of the pretrial statement, but other facts made a trial before members more desirable to the accused after he became aware that he would be unable to negotiate a plea of guilty.

The facts of the present case, however, are clearly distinguishable from *Wright*. Indeed, as in *Bryant*, the appellant's request for trial by judge alone was only approved after an extensive inquiry by the military judge to assure that his request was understandingly made and that he was aware of its consequences. The record does not clearly reflect the availability of court members. Defense counsel remarked that another court-martial had originally been scheduled to meet on the same date but was delayed for some reason. However, the record does not reveal the date on which that court-martial was rescheduled; therefore, it is not clear from trial defense counsel's comments whether the court members were available on the date in question. Trial defense counsel did not assert that this court-martial consisted of enlisted members of greater rank and from a different unit than the appellant. *See* Article 25, Uniform Code of Military Justice, 10 U.S.C. § 825. There was no change in circumstances. Indeed, the request to withdraw was motivated only by a change in trial tactics. Furthermore, government counsel was given only two days notice as to the proposed change, and as trial counsel correctly observed, he had no authority to grant the request. Accordingly, the military judge properly exercised his discretion in denying the request to withdraw from a trial before a judge alone.

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring in the result):

I concur in the result reached by the majority opinion and the conclusion that no abuse of discretion by the military judge existed in the present case. Nevertheless, several considerations mentioned in that opinion appear superfluous to a proper review of this ruling of the military judge. In particular, the facts of the lack of prompt notice and apparent unavailability of officer members are not expressly provided in the Uniform Code of Military Justice as reasons to warrant denial of a request for trial by members. *Cf.* Article 25, UCMJ, 10 U.S.C. § 825.

I believe the focus of our review should be on the question of whether the original waiver of trial by members "was an effective one, intelligently made." In this light, the appellant at all times was represented by presumably competent civilian and military counsel, and he "was fully able to comprehend the [nature of the] charges against him." *United States v. Bryant*, 23 U.S.C.M.A. 326, 328, 49 C.M.R. 660, 662 (1975), *citing Riadon v. United States*, 274 F.2d 304, 307 (6th Cir. 1960), *cert. denied* 364 U.S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189 (1960). Yet, this case also involves the belated return to the appellant's trial defense team of an assigned military defense counsel, who had been excused by the military judge, with the consent of the appellant, from attendance at preliminary court-martial proceedings, and the formulation of new trial tactics for the defense. These factors, in my mind, simply do not rise to the level of a sufficient change of conditions to undermine the previous informed and intelligent waiver of trial by members made by the appellant on the advice of his civilian and individual military counsel. *See United States v. Wright*, 5 M.J. 106 (C.M.A.1978).