
UNITED STATES, Appellee,

v.

Eddie L. THOMAS, Private, U. S. Army, Appellant.

No. 37,013.

SPCM 13506.

U. S. Court of Military Appeals.

Aug. 27, 1979.

For Appellant: *Captain Richard E. Connell* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Captain William B. Ramsey* (on brief); *Captain William E. Nyman, III.*

For Appellee: *Captain Glen D. Lause* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Douglas P. Franklin* (on brief).

Opinion of the Court

COOK, Judge:

Appellant was convicted by a special court-martial, consisting of a military judge alone, of arson, in violation of Article 126, Uniform Code of Military Justice, 10 U.S.C. § 926. We granted review to determine whether the military judge erred to the prejudice of appellant by advising trial defense counsel that appellant could not withdraw his request for trial by judge alone.

The issue is raised in the following factual context. During an Article 39(a)[1] session, appellant submitted a written request for trial by judge alone. After assuring himself that he understood the effect of his request, the military judge approved it and announced that the court was assembled. Appellant entered pleas of guilty to the charge and its specification. During the providency inquiry, the military judge detected a possible issue of mental responsibility and the case was recessed for further inquiry into the matter. Upon reconvening, the parties concluded that there was no issue as to mental responsibility. However, the military judge noted on the record that during the interim he had participated in a proceeding to determine whether there was probable cause that appellant had committed an unrelated offense to the charge before the court and whether appellant "constituted a flight risk." Trial defense counsel asserted that appellant still desired to

1. Uniform Code of Military Justice, 10 U.S.C. § 839(a).

"continue the trial by military judge alone" and appellant agreed with the statement of counsel.

The military judge resumed the providency inquiry, but rejected appellant's pleas of guilty because he concluded appellant was unwilling to admit all the elements of the offense. He entered pleas of not guilty on his behalf and the following colloquy ensued:

> DC: Your Honor, the defense counsel is going to discuss with his client the question of whether or not, in lieu of the judge's improvidencing of the plea, whether or not my client is going to request a withdrawal of his request for trial by military judge alone.
> MJ: He doesn't have that option at this point, Major Jablonski, the court is assembled.
> DC: The defense will look into that, Your Honor.
> MJ: And unless I feel that—
> DC: Of course, that's for good cause on the part of, Your Honor, of course, my only point was that I am going to discuss the question of whether or not we're going to request that.
> MJ: If the—it seems to me at this point, that in light of the fact that this court is assembled unless I recuse myself for prior disposition and I'll certainly give you an opportunity to voir dire me if you so desire to do so, the accused is locked in with me at this point.
> (DC indicated in the affirmative.)

On appeal, appellant submits that the statement by the military judge that he was "locked in" requires reversal in the present case. We disagree.

In *United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975), and *United States v. Morris*, 23 U.S.C.M.A. 319, 49 C.M.R. 653 (1975), this Court held that Article 16(1)(B),

2. Article 16, UCMJ, 10 U.S.C. § 816, provides: The three kinds of courts-martial in each of the armed forces are—
  (1) general courts-martial, consisting of—
  . . . . .
  (B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after con-

UCMJ, 10 U.S.C. § 816(1)(B),[2] did not preclude a military judge from either approving a request for trial by judge alone or permitting a withdrawal of such a request after the court had been assembled. Rather, the Court held the matter was within the discretion of the trial judge and his ruling was subject to review for "abuse." *United States v. Bryant, supra*, 23 U.S.C.M.A. at 328, 49 C.M.R. at 662. Appellant submits that the quoted comments of the military judge in the present case precluded him from requesting a withdrawal from a trial by judge alone. The Government does not disagree with the import of the comments, but submits the accused has not been prejudiced as there was no basis for a withdrawal from trial by judge alone. In view of the military judge's comments, we will assume, for purposes of this appeal, that appellant would have requested a withdrawal if he had been given the opportunity.

As *Bryant* and *Morris* clearly hold, an accused has no absolute right to change the composition of the court after it has been assembled. Appellant specifically asserted that he desired to continue trial before judge alone after the judge noted his participation in another proceeding involving the appellant. Thus, the only factor which motivated the change in appellant's position was the rejection of his pleas of guilty. Appellant submits that *United States v. Shackelford*, 2 M.J. 17 (C.M.A. 1976), requires reversal in the present case. In *Shackelford*, the Court observed the following after a military judge had rejected the accused's tendered pleas of guilty:

> The trial judge quite correctly allowed the appellant to reevaluate whether he wished to be tried before judge alone or jury, and the appellant opted for the latter.

sultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves.
The applicable provision for a special court-martial is Article 16(2)(C) which refers to "the same conditions as those prescribed in clause (1)(B)."

*Id.* at 19. However, *Shackelford* established no absolute right to withdraw a request for trial by judge alone, but merely recognized that a rejection of tendered guilty pleas may be a factor in resolving the matter.[3] Indeed, in *United States v. Hodges*, 22 U.S.C.M.A. 506, 507, 47 C.M.R. 923, 924 (1973), the Court observed:

> Moreover, in a situation where a military judge finds a plea of guilty to be improvident, generally there is no restriction on the military judge alone then trying the case.

Thus, contrary to the appellant's position, *Shackelford* does not require reversal of appellant's conviction. Furthermore, the present case is unlike *United States v. Wright*, 5 M.J. 106 (C.M.A.1978), which held the military judge committed reversible error by denying a request to withdraw from trial by judge alone. In *Wright*, the accused unsuccessfully challenged the judge for cause; the judge was informed of the accused's unsuccessful attempt to obtain a pretrial agreement and the Government would not have been inconvenienced if the request had been granted. Additionally, *Wright* involved pretrial statements of a nature that one tended to demonstrate the impropriety of another, and as a joint trial was involved, a reference to the non-declarant accused had to be excised from the statements. The defense indicated a desire to contest both the legal admissibility and factual voluntariness of the accused's pretrial statements. We concluded that a combination of all these factors required approval of the accused's request to withdraw from a trial before judge alone after he

became aware that his attempt to negotiate a pretrial agreement was unsuccessful. In the present case the appellant was motivated solely by the fact that his tendered pleas of guilty were rejected by the military judge. The appellant was given an opportunity to *voir dire* the military judge as to the possibility that the judge was disqualified after his tendered pleas of guilty were rejected. He submitted no questions. Thus, there was no issue raised as to the judge's impartiality.

■ Accordingly, the request to withdraw from a trial by judge alone, in the present case, was motivated solely by a change in trial tactics. A refusal to permit a withdrawal under such circumstances would have been a proper exercise of the trial judge's discretion. *United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978); *United States v. Thorpe*, 5 M.J. 186 (C.M.A. 1978). Under the circumstances of the present case, there was no specific ruling on the matter. However, we perceive no prejudice to the appellant when an adverse ruling on the matter would have been affirmed on appeal.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

PERRY, Judge (concurring in the result):

The appellant at no time moved to withdraw his request for trial by judge alone. I therefore join in affirming the decision of the Court of Military Review.

---

**3.** The Court reversed the conviction in *United States v. Shackelford*, 2 M.J. 17 (C.M.A.1976), because the conduct of the trial judge, during the trial on the merits, demonstrated a partisan attitude.