## UNITED STATES

v.

**James Matthew ATWELL, 265 27 8645, Airman Apprentice (E–2), U. S. Navy.**

### NCM 79 0013.

U. S. Navy Court of Military Review.

Sentence Adjudged 31 Aug. 1978.

Decided 20 Sept. 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT Joseph G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, PRICE and MICHEL, JJ.

PER CURIAM:

Appellant was arraigned on eight charges, and many specifications thereunder, in violation of Articles 80, 86, 92, 95, 116, 126, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. §§ 880, 886, 892, 895, 916, 926, and 934. He pleaded guilty to some of the specifications and charges and not guilty to others and was subsequently found guilty of all of these alleged offenses except two specifications of resisting apprehension in violation of Article 95, UCMJ and of the sole specification under Article 126, UCMJ, which charged appellant with having wrongfully and maliciously set fire to a barracks floor. The general court-martial military judge sentenced appellant to confinement at hard labor for 10 months, reduction in rate to pay grade E–1, forfeiture of $200 of his pay per month for 10 months, and a bad-conduct discharge. The sentence was approved by the general court-martial convening authority, who approved the sentence but suspended the execution of that portion of the

sentence which provided for confinement at hard labor in excess of 5 months, making provision for the automatic remission of the suspended portion of the sentence.

Appellant's first assignment of error alleges that the military judge erred when he refused to allow the accused to retract his request for trial by military judge alone and proceed with members, arguing that the request had been tendered conditionally and that the members were available. He asks this Court to order a rehearing at which appellant will be accorded his right to trial by a full court constituted with members.

Appellant submitted a request for trial by military judge alone during an Article 39(a), 10 U.S.C. § 839(a) session in which one of his two defense counsel was absent. The following colloquy with the judge pertains to that request:

DC: Your Honor, prior to proceeding any further we feel there is one matter the court should take up at this time. At this time, Your Honor, the accused requests to make the request for trial by military judge alone. I have the request in writing and I hand it now to the military judge. (Hands to military judge.)

MJ: Very well. Airman Apprentice Atwell, have you had sufficient time to discuss this with your counsel?

ACC: Yes, sir, I have.

MJ: Now, you also don't have Lieutenant Commander Newman here again also. Is he excused from this—you don't require his presence here?

ACC: Yes.

MJ: Is that correct?

ACC: Yes, sir. He is excused, sir.

MJ: Okay. Have you also—Has he been privy to this?

DC: No, sir, he is not. He is not present on base this afternoon.

MJ: But you have changed your mind and he is an assistant defense counsel in the case. Would you like to have him discussing this with you and so forth?

DC: Your Honor, if we could, he will be present tomorrow morning and we will discuss the matter with him tomorrow

morning and if there is any change in attitude we will request to withdraw the request at that time, if that please the court.

MJ: Yes. That is fine with me, or I can hold this until tomorrow morning. Either way you would like to do it.

DC: Whichever the court would choose to do. If it would not inconvenience the government we would request you just hold it until tomorrow morning or we are prepared to proceed right now, Your Honor. I think my client is ready to make that election at this time.

MJ: Well, Lieutenant Commander Newman has been excused for this session. He is just the Assistant, is that correct?

DC: Yes, sir, that is correct.

MJ: I just think if he is on your case you might want to talk to him.

ACC: Yes, sir.

MJ: Would you like for me to go through it again with you at this point and then if Lieutenant Commander Newman has some different thoughts that you would like to talk over with him, if you decide that you wish to change your mind I will allow you to do so. The only problem we run into there is I don't know where our jury members are strung out to.

TC: Sir, they come from commands in the area. They expect, it is my understanding, to be here at nine o'clock in the morning. I don't know that we would get ahold of them and in fact I am reasonably certain we couldn't get ahold of all of them if we tried at this point in the afternoon.

MJ: Now, it wouldn't affect the case any if they were excused. That usually makes court members happier.

TC: The government counsel would like to have some idea of whether we are going to proceed with or without members before we leave here this afternoon.

MJ: I'll go through it at this point. If when you talk to Lieutenant Commander Newman and Lieutenant Anderson, if there is some problem and you wish to change your mind, there is no problem

with that. It doesn't bother me at all, and I'll allow you to withdraw it at that point because you have another counsel you would like to discuss it with, I'll allow you to do so.

At this point the judge explained the ramifications of trial by judge alone and, after obtaining appellant's acknowledgment of understanding, approved the request. He again discussed, as follows, the possibility that this decision might be changed the next day:

We will bring this up again tomorrow morning also after you have had a chance to consult with Lieutenant Commander Newman in conjunction with Lieutenant Anderson who is your major counsel here and you can indicate to me then, tomorrow morning, whether you still wish to persist in that request or whether there has been a change.

ACC: Yes, sir.

MJ: Very well, then. The court is assembled at this point.

It really puts a different complexion on getting the documents marked and everything at this point. If you would like we can wait and do that as the government goes through their case.

Have you had a chance to look at their documents?

DC: Yes, Your Honor, I have.

MJ: Do you forsee any evidentiary problems with them?

DC: Not with the documentary evidence, no, sir.

MJ: Now how about any evidentiary problems concerning testimony or anything like that that we could probably take care of?

DC: I am not aware of any at this time, sir. Obviously, if it's military judge alone, most of those problems can be taken care of without the necessity of Article 39(a) sessions.

MJ: Well, rather than us taking any more time today, then, if it is agreeable with both sides we can just wait and take these up as they occur tomorrow provided we stay with military judge alone and we'll find that out tomorrow morning. If we break right now it will give you a chance, Lieutenant Forsyth, to try to get your calls out to your people, is that correct? It's almost four-thirty; if we could stop one or two that's one or two we could stop.

TC: Yes, sir. The only problem with stopping one or two is that the ones we don't catch feel as though they somehow were not given the same priority as everyone else. Do you think we are on secure ground telling the members not to come?

MJ: At this point in time, yes.

TC: I will proceed with this in any way you wish.

MJ: I understand your problem. They will probably be—Have they been directed to be here by nine?

TC: Yes, sir, nine o'clock.

MJ: Well, surely then, there will be an indication by that time and I am sure Lieutenant Anderson will have informed you whether there has been a change in any of these plans or not. If there have not, then we can have the personnel, here as quick as the members start coming in, tell them that there has been a change, it was late last night, or whatever, but they will be happier not to sit than they would have been waiting around.

TC: Sir, I think on the whole, I think if it is too late to let them all know, I think it might be better to have the additional safety factor of having them here in the morning.

MJ: I see. It would just be unfortunate that they have to show up if they are not going to be needed but it is not going to hurt any of them.

MJ: Do we have any other thing that we need to go over at this time?

TC: Nothing else, sir.

DC: No, sir.

MJ: Very well. This court is adjourned until 0900 tomorrow morning.

The next day, with both counsel present and after asking for a continuance to pursue new evidence that had come to light late the day before, the defense informed the judge as follows that appellant had

changed his mind with respect to being tried by judge alone:

DC: Your Honor, prior to recessing you indicated yesterday that you would reinquire of the accused about his decision to go to trial by judge alone or by jury. We would ask if it would not be better if we settle that issue at this time for the convenience of the trial and with the government.

MJ: Very well. Is there a changed matter?

DC: Yes, sir, there is.

MJ: Okay. Let's hear the reasons.

DC: Your Honor, after the introduction of this evidence and after consultation with Lieutenant Commander Newman, my client advises me that he chooses to be tried by a court consisting of officers as opposed to being tried by military judge alone. You indicated yesterday that if he consulted with Commander Newman and requested it that it would be allowed.

MJ: I'll take that under advisement and see whether I think that is a sufficient reason to allow you to change your mind or not. I indicated yesterday I would give you a chance to talk with Lieutenant Commander Newman before you went any further but you indicated at that time that you very strongly wanted to go with military judge alone. All I have got before me now is that you talked to Lieutenant Commander Newman and now you want to change your mind. However, I will think about that. It is my discretion since you put that in, whether you want to go forward or not, for me to allow you to change your mind. I'll think about that and we'll take that up. I am inclined at this point to say no. That doesn't sound like a good reason, just that you have now talked to Lieutenant Commander Newman, and I went over that very very clearly with you yesterday before we exercised your option, did I not?

ACC: Yes, sir.

MJ: Very well, this court stands in recess until 1130 then. If you find out anything before that time we will come back.

The court recessed at 0945 hours, 30 August 1978.

The court was called to order at 1058 hours, 30 August 1978.

MJ: This court will come to order.

TC: May the record reflect that all present when the court recessed are again present.

MJ: Lieutenant Anderson, first matters first. Have you had ample time to take care of these witnesses now?

ADC: Excuse me, Your Honor, I will speak for the defense. We have had ample time and we sincerely appreciate the indulgence of the court for allowing us to interview the witnesses. We are prepared to go at this time.

MJ: Okay. You don't need anymore time?

ADC: That is correct, Your Honor.

MJ: Now, as to the withdrawal of the request for trial before the military judge alone. Airman Apprentice Atwell, remember last night I went over very carefully with you the terms of that pretrial request and asked you your understanding of it and was it your choice, and you said, yes. I indicated to you at that time if there was a problem I would allow you to change your mind. However, you have not come before the court and indicated any problem to this court. I did assemble the court last night, and remember the day before yesterday I told you that once the court is assembled in order for me to allow you to change your mind you must proffer a viable and a sound reason. Do you remember that advice?

ACC: Yes, sir, I do.

MJ: Now, evidentally [sic] all you have done is just after further consultations with your respective counsel have just changed your mind, however, I can't go on that supposition, you did indicate yesterday you knew what you were doing and this was the forum you were going to. You haven't indicated any problems to this court that would allow me to go forward and allow you to change your mind. So, therefore, I am going to deny

your request to withdraw the trial before the military judge alone. We will go forward to trial before me alone.

MJ: Is the government ready to go to trial?

TC: Yes, sir.

MJ: Is the defense ready to do something at this time? I don't know what the government might do.

DC: Yes, Your Honor, with the objection that we've noted as to the court's denial of our request for members, we are prepared at this time to go to trial after that request has been denied.

Appellant contends that the judge erred to his prejudice by refusing to allow retraction of the request for trial by military judge alone. The Government counters by saying that the question of whether to permit withdrawal of such a request after assembly of the court is a matter for the sound discretion of the military judge, citing *United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975), and that the matter is reviewable only for an abuse of that discretion, *United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978). Furthermore, since appellant presented nothing to support his requested withdrawal but a change in trial tactics there was insufficient ground to compel accession to the withdrawal by the judge. *United States v. Thorpe*, 5 M.J. 186 (C.M.A.1978). While these general statements of the law by the Government may be true, we find them inapplicable to the facts of this case. Our reading of the dialogue between the judge, appellant and counsel convinces us that appellant intended his request for trial by military judge alone to be conditional and that consultation with absent counsel was required before the decision became final. Moreover, it is clear to us that the judge, at the time the request was submitted, gave every indication that he also viewed the request in this light and gave appellant every reason to believe that the request could be retracted the next day for no reason at all, if appellant so desired after consultation with his other counsel. In our view, the appellant should not have been required to give grounds for withdrawing his request after having made it clear the day before that it was submitted conditionally. The judge committed prejudicial error by denying appellant the right to be tried by a court composed of members. This error affects all of the findings of guilty arrived at after appellant's pleas of not guilty and trial on the merits. It also affects the sentence. It does not bear on the findings of guilty that resulted from pleas of guilty entered and found provident before appellant requested trial by military judge alone.

Accordingly, the following findings of guilty are affirmed: the finding of guilty by exceptions and substitutions to specification 6 of Charge II; the findings of guilty to Charge II and specification 7 thereunder; and the findings of guilty to Charge V and its specification. The remaining findings of guilty and the sentence are set aside. A rehearing may be ordered on the findings that have been set aside or, if that is deemed impracticable, a rehearing on the sentence alone may be ordered. If a rehearing is not ordered on the sentence, then the affirmed findings of guilty may stand without imposition of sentence and should be so reflected in any supplementary action taken in the case.