UNITED STATES

v.

**Airman First Class Ronald E. BARROW, FR 546–98–9354 United States Air Force.**

**ACM S24760.**

U. S. Air Force Court of Military Review.

7 Dec. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

**654**

## DECISION

**PER CURIAM:**

Tried by special court-martial, military judge alone, the accused was convicted, in accordance with his pleas, of four specifications of violating a lawful general regulation, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months and forfeiture of $50 per month for four months.[1]

Appellate defense counsel assert that the military judge erred in instructing the accused that once the court was assembled, he could not withdraw his request for trial by judge alone.

In the Article 39(a) pretrial session, during the advice concerning the accused's request for trial by judge alone, the military judge stated:

> Now, the mere fact that you have signed this written request does not mean that you cannot withdraw it. You may withdraw your request at this time if you wish. However, once I have approved your request and announced that the court is assembled, you may not withdraw this request for trial before me alone. Do you understand that?

We agree that this advice is incorrect. In *United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975), the United States Court of Military Appeals declared that the military judge possessed the discretionary authority to revoke a request for trial by judge alone after assembly of the court-martial. This Court has held that the accused should be advised that if he desired to withdraw his request for trial by judge alone after approval and assembly, the judge possessed the discretionary power to permit it. *United States v. King*, 6 M.J. 927 (A.F.M.C.R.1979), pet. denied, 7 M.J. 52 (C.M.A.1979).[2]

Our holding in *King*, supra, is apposite here:

> Despite the fact the military judge's advice did not fully comport with the law, we are convinced the accused was not misled to his prejudice. As appellate government counsel aptly note, even if the military judge and the accused's . . qualified counsel were unaware of the true state of the law, the record is devoid of any changed circumstances which arguably would have prompted a post-assembly motion for withdrawal of the request for a bench trial. Correspondingly, and again given the state of the record, there is no likelihood that a denial of such motion by the military judge would have been condemned by appellate authorities as an abuse of discretion.

6 M.J. at 930–1.

We have examined the record of trial here and find no indication of any changed circumstances which might have prompted a motion for withdrawal of the accused's request for trial by judge alone.[3] This being so, we find no prejudice to the rights of the accused by virtue of the incorrect advice.

The findings of guilty and the sentence are

**AFFIRMED.**

---

1. By action of the convening authority the accused was selected for rehabilitation at the 3320th Correction and Rehabilitation Squadron, Lowry AFB, Co.

2. This advice is now contained in Interim Change 78–2, 1 June 1978, to Air Force Pamphlet 111–6, Procedure Guides for Courts Martial (19 April 1976). The advice given by the military judge is that used prior to Change 78–2.

3. See *United States v. Thorpe*, 5 M.J. 186 (C.M.A.1978).