UNITED STATES,

v.

**Ronald D. STINER, 441 66 2834, Sergeant (E–5), U.S. Marine Corps.**

NMCM 89 2348.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 2 Dec. 1988.

Decided 30 March 1990.

LT Fredric D. Firestone, JAGC, USNR, Appellate Defense Counsel.

LT Wade W. Parrish, JAGC, USNR, Appellate Defense Counsel.

LT L. Lynn Jowers, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, and WILLEVER and JONES, JJ.

WILLEVER, Judge:

This case deals with whether the military judge abused his discretion in denying appellant's motion to withdraw his request for trial by military judge alone. Appellant discovered that the judge had signed a staff judge advocate review strongly denouncing similar crimes approximately 2 years earlier when that judge was then serving as a staff judge advocate in a previous assignment. We hold that the military judge did not abuse his discretion and we affirm.

Appellant was tried by general court-martial before military judge alone. The findings, based in part on his pleas (appellant plead guilty to the Charge and both specifications by exceptions and substitutions), were guilty of Article 134, 10 U.S.C. § 934, Uniform Code of Military Justice, two specifications of indecent acts upon a minor, his 3-year old natural daughter, on divers occasions. Appellant was sentenced to a dishonorable discharge, total forfeiture of all pay and allowances, and confinement for 6 years and 6 months. The convening authority approved the sentence as adjudged.

## BACKGROUND

On 10 November 1988, appellant requested trial by military judge alone. The judge questioned appellant about his request and approved it. The court-martial was then assembled. On 17 November 1988, upon further inquiry by the military judge, appellant reiterated his request for trial by military judge alone.

On 1 December 1988, at defense counsel's request, the military judge reopened *voir dire*. The defense counsel questioned the military judge regarding the judge's authorship of a Staff Judge Advocate's Recommendation approximately 2 years earlier in an unrelated case. In that recommendation, the military judge advised against clemency in the case of a parent convicted of sexually abusing his child. The defense counsel then questioned whether the military judge had an inflexible attitude on sentencing in parent-child sexual abuse cases. The record at page 11 discloses:

> DC: Your Honor, am I correct in that you were the SJA during the *QUARLES* case that occurred here a couple of years ago?
> MJ: Correct.
> DC: And you wrote the SJA's review in that?
> MJ: Well, I doubt I wrote it. I'm sure I signed it.
> DC: Well, you signed it—yes, sir. I discovered something during reading that SJA's review that I'd like to question you about. I realize that you may not very well remember everything that's in there, but in addressing the defense's clemency request in the *QUARLES* case, the SJA's review noted that—and I quote here from it—"Moreover, concerning the important nature of these offenses and the gross abuse of the accused's status as a parent, in my opinion, clearly no clemency is warranted in this case." My concern there is that your attitude on the sentencing may be inflexible if that's your attitude, sir.

The military judge stated that he saw no correlation between his recommendation rendered in prior duty as a staff judge advocate and his present duty as military judge. He stated that, although he viewed the offenses before the court as "serious," he felt he could judge appellant objectively and unemotionally. *Without challenging the military judge for cause,* defense counsel made a motion to withdraw appellant's request for trial by military judge alone, and requested trial by members.

In the dialogue that followed, defense counsel voiced concern regarding the fairness of a trial before this military judge. He stated that at the time of forum selection he and appellant were unaware of the military judge's prior recommendation, or his apparent view concerning parent-child sexual abuse cases.

The military judge denied appellant's request. Specifically, the judge characterized defense counsel's request as a "tactical consideration," and, therefore, inappropriate at this stage of the proceeding.

## WITHDRAWAL OF REQUEST FOR TRIAL BY JUDGE ALONE

A request for trial by military judge alone may be withdrawn at any time prior to the military judge's approval of that request. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial (R.C.M.) 903(d)(2). Once the military judge has approved such a request, however, it may not be withdrawn without the judge's approval. The military judge may, until the introduction of evidence, approve such request to withdraw a choice of forum. R.C.M. 903(e). The military judge's decision to deny a withdrawal request is subject to review for abuse of discretion. *United States v. Wright,* 5 M.J. 106, 109 (C.M.A.1978). To prove abuse of discretion, appellant must show that the balancing of interests so strongly favors appellant that a refusal to nullify appears arbitrary and capricious. *Id.*

A request for a change in forum based on trial tactics alone should not be granted. *United States v. Thorpe,* 5 M.J. 186 (C.M.A.1978); *United States v. Thomas,* 7 M.J. 299 (C.M.A.1979). Appellant's situation is nearly identical to that faced by Thorpe. In *Thorpe,* 5 M.J. at 187, the accused felt

that a trial before enlisted members would be more advantageous "because one of the offenses involved a note which threatened an officer." Thorpe was motivated by his conclusion that enlisted members might be less likely to convict. Appellant's desire to be tried before members was evidently motivated by his belief that he would receive a lighter sentence from members. Appellant anticipated pleading guilty, and his only expressed concern was that the military judge's "attitude on the sentencing [might] be inflexible."

The issue of the military judge's impartiality in appellant's case was raised, *voir dire* was conducted, and the matter was properly resolved. Appellant claims his concern was based on a fact, *i.e.*, the military judge's prior statement as a staff judge advocate. A fair reading of the entire statement in its proper context demonstrates no reasonable basis for this concern.

Additionally, the expense, potential delay, and inconvenience which would result were prohibitive of the change in forum. Trial defense counsel gave the Government less than one day's notice of the defense wish to proceed before members. Witnesses had been flown to North Carolina for trial, two from Arizona, one from California, and one from South Carolina. Despite trial counsel's statement that he could probably have members present that afternoon, the judge thought that the trial would necessarily have to be postponed for at least one week, taking into account delays anticipated due to a trial by members and the judge's previous court commitments. The witnesses would have to be returned to their home states and then brought back again. The Article 39(a) session took place on 1 December 1988, a Thursday. The military judge had a prior court commitment that would make him unavailable after 2 December 1988. Appellant's motion constituted an untimely withdrawal of his request for trial by military judge alone; therefore, action on appellant's motion was a matter of discretion for the military judge. R.C.M. 903(e). In exercising his discretion, the military judge balances the reason for the request against any expense, delay or inconvenience which would result from granting the request. Discussion, R.C.M. 903(e). In appellant's case the expense, delay, and inconvenience significantly outweighed the so called "change in circumstance" upon which appellant based his motion.

Appellant had and has the burden to present evidence "that the balance so strongly favors [appellant] that a refusal [of appellant's motion] appears as an arbitrary and capricious act." *Wright*, 5 M.J. at 109. The change in circumstances was only that "Sergeant S[tiner] did not consider [the SJA review] at the time he made the forum election." We believe that the military judge's decision considered all the matters presented by counsel, and was reasonably and conscientiously made.

Finally, appellant's contention that the military judge might not have been impartial is also without merit. Trial defense counsel did not voice this concern in either his endorsement to the SJA's recommendation signed 17 April 1989 or the post-trial matter letter he submitted on 13 February 1989, *nor did he challenge the military judge at trial.* If appellant believed at trial that he could not receive a fair and impartial hearing, the most obvious and appropriate step would have been to *challenge* the military judge. The fact that he did not lends support to the military judge's finding that the request for a change in forum was motivated by tactical concerns.

### PERCEIVED PREDISPOSITION TOWARD SENTENCING

■ Is there a perceived predisposition toward sentencing in this case? We think not. Appellant's erroneous perception is based on a statement signed by the military judge and *made years before in an unrelated case* while acting as a staff judge advocate, after the trial, when reviewing the sentence already adjudged. As the military judge stated in the case at bar, .

there is no relationship between what I may have said or done in this *QUARLES*

case some years ago as the SJA of his organization, and what I am charged to do as the presiding judge in this case. Quite frankly, I find no correlation between the two responsibilities. Had you served as an SJA or a military judge, you would clearly understand the different nature of the two responsibilities....

Moreover, the military judge dispelled any notion that he was inflexible on sentencing. The military judge specifically stated that he could deliberate on sentencing unemotionally, with objectivity and impartiality, and without "a tendency to automatically impose punishment at or near the maximum." On the facts of this case, the adjudged sentence demonstrates that he did just that. Appellant faced a maximum of 14 years of confinement, total forfeitures of pay and allowances, reduction to E–1, and a dishonorable discharge for repeatedly masturbating against his three-year old daughter's vagina and penetrating her vagina with his fingers. Perceptions and perspectives change, jobs change, and roles change over time. The military judge had been an SJA—most military judges have been—and he explained during *voir dire* his view of his present role as a judge, how he would view this case, and was not challenged. Having considered the entire record, we are convinced that appellant received an appropriate sentence.

Appellant defense counsel, additionally, invites our attention to matters submitted by trial defense counsel pursuant to Rule for Courts–Martial 1105. Trial defense counsel requested clemency contingent on accused's successful participation in treatment. We considered the clemency petition as did the convening authority. Defense counsel also alleges legal error regarding insufficient evidence to substantiate conviction of Specification 2, the military judge's denial of defense's request for members, and severity of punishment. We find these assignments of error without merit.

## CONCLUSION

We have examined the record of trial, the assignments of error, and the Government's reply thereto and have concluded

that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Senior Judge ALBERTSON and Judge JONES concur.